[Counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DITROPAN XL ANTITRUST LITIGATION | CASE NO. MDL Docket No. 1761 (JSW) |
| THIS DOCUMENT RELATES TO ALL CASES | [~~PROPOSED~~] STIPULATED CASE MANAGEMENT ORDER NO. 2 |

WHEREAS, pursuant to Case Management Order No. 1 and Pretrial Order No. 1 (as amended), the parties met and conferred to discuss the prompt and efficient prosecution of this matter and appeared before the Court for an initial Case Management Conference on Friday, October 27, 2006; and

WHEREAS, the parties stipulate to the Schedule set forth below;

IT IS HEREBY ORDERED THAT:

1. <u>Initial Discovery Production</u>: On or before November 3, 2006, assuming the Court has by that time entered a protective order to govern the treatment of the parties' confidential information, Defendants will provide copies to Plaintiffs of all documents produced by Alza Corp. and Johnson & Johnson in *Alza Corporation v. Mylan Laboratories Inc.*, Civ. Action No. 1:03-cv-61 (N.D. W. Va.) (Keely, CJ) ("the *Mylan* litigation") and *Alza Corp. v. IMPAX Labs., Inc.,* Case No. 3:03-cv-04032-VRW (Walker, J.) (N.D. Cal.) ("the *Impax* litigation"). Furthermore, within 30 days of the resolution of all third-party confidentiality issues, Defendants will make their best efforts to provide Plaintiffs with copies of any remaining non-privileged documents associated with the record of the *Mylan* and *Impax* litigations, including copies of all pleadings, motions and supporting or opposing papers, transcripts of hearings and depositions, deposition exhibits, expert reports, trial exhibits, discovery requests and responses and all documents produced by any party in that case. Alza will also disclose to Plaintiffs on or before November 3, 2006, the identity of any party that produced documents in the underlying patent

1

litigations. The productions and disclosures required by this paragraph shall be in lieu of any obligation required under Rule 26 of the Federal Rules of Civil Procedure.

2. <u>Answers/Motion to Dismiss</u>: Defendants shall Answer or otherwise plead in response to Plaintiffs' Consolidated Amended Complaints on or before November 3, 2006. In the event Defendants file Motions to Dismiss, the briefing schedule shall be as follows:

| | |
|---|---|
| Deadline to file Opening Briefs: | November 3, 2006 |
| Deadline to file Oppositions: | December 22, 2006 |
| Deadline to file Replies: | January 19, 2007 |
| Date for Oral Argument (proposed): | February 9, 2007 at 9:00 a.m.[1] |

3. <u>Fact Discovery</u>: Fact discovery on both class and merits issues shall proceed simultaneously. The parties may initiate discovery related to any issue, including third-party discovery, at anytime after November 3, 2006. Discovery shall include, but is not limited, to the following:

a) Matters relating to Class Certification;

b) Whether there is evidence that Alza knowingly and intentionally deceived the United States Patent and Trademark Office ("PTO") in connection with the procurement of U.S. Patent No. 6,124,355 ("'355 Patent");

c) Whether the underlying patent litigation brought by Alza against Mylan Laboratories, Inc. (*Alza Corp. v. Mylan Labs.,* Civ. No. 1:03CV61 (N.D. W.V.) and/or Impax Laboratories, Inc. (*Alza Corp. v. IMPAX Labs., Inc.,* Case No. 3:03-cv-04032-VRW (N.D. Cal.)) was objectively baseless;

d) Whether the underlying patent litigation brought by Alza against Mylan Laboratories, Inc. (*Alza Corp. v. Mylan Labs.,* Civ. No. 1:03CV61 (N.D. W.V.) and/or Impax Laboratories, Inc. (*Alza Corp. v. IMPAX Labs., Inc.,* Case No. 3:03-cv-04032-VRW (N.D. Cal.)) was an

---

[1] Defendants intend to move to dismiss, or alternatively to stay, these actions on the ground that the cases are not ripe, and hence not properly subject to the Court's jurisdiction. By agreeing to this Order, and specifically by agreeing to proceed with initial discovery pending the resolution of motions to dismiss, Defendants do not consent to the Court's jurisdiction or otherwise waive any argument in support of their motions to dismiss or stay. Plaintiffs agree that they will not cite this Order or the commencement of initial discovery as a basis for opposing such motions.

2

[<s>PROPOSED</s>] CASE MANAGEMENT ORDER NO. 2          Case No: MDL Docket No. 1761 (JSW)

|   |   |   |
|---|---|---|
| | | attempt to interfere directly with the business relationships of Alza's competitors through the use of governmental process – as opposed to the outcome of that process – as an anticompetitive weapon; |
| | e) | Whether Alza's conduct in the underlying patent litigation caused the Plaintiffs to suffer a cognizable economic loss; |
| | f) | Whether the Plaintiffs are able to establish an "antitrust" injury; |
| | g) | Whether the Plaintiffs are able to prove that Defendants acquired or maintained monopoly power through actionable exclusionary conduct; and |
| | h) | Any other issue not specifically enumerated herein but related to the allegations included within Plaintiffs' Consolidated Amended Complaints. |

Discovery related to issue 3(a) shall close on July 13, 2007. Discovery related to issues 3(b) through 3(d) shall close on September 28, 2007. Absent leave of the Court, no party shall be permitted to depose an individual fact witness more than once. A designated expert witness may be deposed one time for each opening report that he or she authors on a given topic.

4. <u>Class Certification</u>: Direct Purchasers and Indirect Purchasers shall file their motion and supporting memoranda for Class Certification no later than April 27, 2007, together with expert reports, if any. Defendants shall have until July 27, 2007, to: (i) depose any expert(s) that submitted a report in connection with any motion for class certification; and (ii) file any Opposition to Plaintiffs' Motion for Class Certification, together with any accompanying expert report(s). Plaintiffs shall have until August 24, 2007, to (i) depose any expert(s) that submitted a report relied upon in support of Defendants' opposition to class certification; and (ii) to file any Reply and Rebuttal Report(s). The hearing on Plaintiffs' Motion for Class Certification shall be scheduled September 14, 2007 at 9:00 a.m.

5. <u>Summary Judgment Motions</u>: Any party may file a Motion for Summary Judgment or Partial Summary Judgment regarding the issues articulated in paragraphs 3(b) through 3(d) on or before October 12, 2007, and all other summary judgment issues are reserved until after the Court issues its decision(s) on any such motions. If either party intends to rely on expert testimony in support of or in opposition to summary judgment on issues 3(b) through 3(d), the party shall serve such expert reports together with its relevant motion or opposition, as reflected below. (Nothing in this Order shall preclude

any party from developing or relying upon expert testimony for purposes of trial.) Each party may take the deposition of any expert whose report is relied upon in support or opposition to summary judgment and the parties shall work in good faith to schedule expert depositions within a reasonable time after receipt of the expert's report.

Within a reasonable time prior to the initial deadline for filing of summary judgment motions pursuant to this Paragraph, the parties shall meet and confer in good faith to determine which party or parties intend to move for summary judgment on issues 3(b) through (d). In the event that more than one party intends to move for summary judgment on a given issue, one party shall file an opening motion and the other party(ies) shall file a cross motion. In this event, the parties will confer and reach agreement as to which party shall file the opening motion, and which party(ies) shall file the cross motion. Any motions, cross motions, or oppositions on the motion(s) for summary judgment on issues 3(b) through (d) ~~that involve issues that are common to both the Direct and Indirect Purchaser Actions~~ will be addressed jointly in a single brief filed on behalf of both the Direct and Indirect Purchaser Actions. Assuming there are both motions and cross motions for summary judgment, the schedule for briefing and consideration of such motions shall be as follows:

a) Deadline for filing Opening Motion for Summary Judgment or Partial Summary Judgment ("Opening Motion") and supporting expert reports: October 12, 2007;

b) Deadline for filing Cross Motion for Summary Judgment or Partial Summary Judgment ("Cross Motion") and supporting expert reports, and deadline for Opposition to Opening Motion and supporting expert reports: November 21, 2007;

c) Deadline for filing Opposition to Cross Motion and any supporting expert reports and for Reply brief in support of Opening Motion and any rebuttal expert reports: December 21, 2007;

d) Deadline for filing Reply brief in support of Cross Motion and any rebuttal expert reports: January 25, 2008; and

e) Oral argument on the parties' Opening Motion and Cross Motion shall be on February 15, 2008 (however, the parties request that the Court not resolve any Motions for Summary Judgment prior to a resolution of class certification issues).

4

[~~PROPOSED~~] CASE MANAGEMENT ORDER NO. 2                Case No: MDL Docket No. 1761 (JSW)

1   In the event that no party or parties file a Cross Motion, the same schedule outlined above with
2   respect to the Opening Motion shall apply.  However, if no Cross Motion is filed, oral argument on the
3   Opening Motion shall be on January 11, 2008.

4   6.   <u>Amendments to Case Management Order No. 2</u>.  The above schedule in this Case
5   Management Order No. 2 is premised on the parties' cooperation in discovery matters, including
6   complete and timely production of documents, scheduling of depositions, and good faith responses
7   and/or supplements to written discovery.  The parties agree to negotiate in good faith any changes to this
8   schedule should changes become necessary.

9   7.   <u>Remainder of the Schedule:</u>  If this case is not entirely resolved either through Motions to
10  Dismiss or Motions for Summary Judgment on issues 3(b) through 3(d), the parties will meet and confer
11  on a schedule for further pretrial proceedings and a proposed trial date.

12  8.   <u>Amendments to Amended Pre-Trial Order No. 1</u>:  The Court's Amended Pre-Trial Order
13  No. 1 dated September 11, 2006, is hereby amended to reflect that the following lawyers are appointed
14  by the Court to serve as Co-Lead Counsel for the Indirect Purchasers:

Timothy J. Becker
ZIMMERMAN REED, P.L.L.P.
651 Nicollet Mall, Suite 501
Minneapolis, MN  55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844

Jason J. Thompson
CHARFOOS & CHRISTENSEN, P.C.
5510 Woodward Avenue
Detroit, MI  48202
Telephone: (313) 875-8080
Facsimile: (313) 875-8522

Edward A. Wallace
WEXLER WALLACE TORISEVA LLP
One North LaSalle Street, Suite 2000
Chicago, IL  60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

|   |   |
|---|---|
| 1 | Jeffrey L. Kodroff |
| 2 | SPECTOR, ROSEMAN & KODROFF, P.C. |
|   | 1818 Market Street, Suite 2500 |
| 3 | Philadelphia, PA 19103 |
|   | Telephone: (215) 496-0300 |
| 4 | Facsimile: (215) 496-6611 |

The designated Indirect Purchaser Co-Lead Counsel shall assume all the responsibility described in the Court's Amended Pre-Trial Order No. 1, including those responsibilities originally reserved for the Chair of Discovery.

**STIPULATED AND AGREED TO BY:**

DATED: October 31, 2006

/s/
Timothy J. Becker
ZIMMERMAN REED, P.L.L.P.
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844

Jason J. Thompson
CHARFOOS & CHRISTENSEN, P.C.
5510 Woodward Avenue
Detroit, MI 48202
Telephone: (313) 875-8080
Facsimile: (313) 875-8522

Edward A. Wallace
WEXLER WALLACE TORISEVA LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Jeffrey L. Kodroff
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300

```
                                    Facsimile: (215) 496-6611

                                    Attorneys for Indirect Purchaser Plaintiffs

                                    Thomas M. Sobol
                                    HAGENS BERMAN SOBOL SHAPIRO, LLP
                                    One Main Street, 4th Floor
                                    Cambridge, MA  02142
                                    Telephone: (617) 482-3700
                                    Facsimile: (617) 482-3003

                                    Dianne M. Nast
                                    RODANAST, PC
                                    801 Estelle Drive
                                    Lancaster, PA  17601
                                    Telephone: (717) 892-3000
                                    Facsimile: (717) 892-1200

                                    Daniel E. Gustafson
                                    GUSTAFSON & GLUEK, P.L.L.P.
                                    650 Northstar East
                                    608 Second Avenue South
                                    Minneapolis, MN  55402
                                    Telephone: (612) 333-8844
                                    Facsimile: (612) 339-6622

                                    Attorneys for Direct Purchaser Plaintiffs


DATED:  October 31, 2006
                                              /s/
                                    M. Sean Royall (admitted pro hac vice)
                                    Monique Michal Drake, SBN 167188
                                    Michael A. Sitzman, SBN 156667
                                    GIBSON, DUNN & CRUTCHER LLP
                                    One Montgomery Street, Suite 3100
                                    San Francisco, California 94104
                                    Telephone: (415) 393-8200
                                    Facsimile: (415) 986-5309
                                    Email: sroyall@gibsondunn.com
                                    Email: mdrake@gibsondunn.com
                                    Email: msitzman@gibsondunn.com

                                    Attorneys for Defendants Alza Corporation and
                                    Johnson & Johnson
```

7

[PROPOSED] CASE MANAGEMENT ORDER NO. 2          Case No: MDL Docket No. 1761 (JSW)

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: ~~October~~ November 1 ____, 2006 _____
The Honorable Jeffrey S. White
United States District Judge

100104520_2.DOC