IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DITROPAN XL ANTITRUST LITIGATION | CASE NO. M:06-CV-01761-JSW |
| | MDL No. 1761 |
| This Order Relates to: | |
| ALL CASES | **ORDER DIRECTING PARTIES TO SUBMIT ADDITIONAL BRIEFING** |
| _____ / | |

Defendants Johnson & Johnson and Alza Corporation ("Alza") (collectively, "Defendants") have moved to dismiss the complaint filed by plaintiffs Stephen L. LaFrance Holdings ("LaFrance"), SAJ Distributors ("SAJ"), and American Sales Company ("ASC") (collectively, "Direct Purchaser Plaintiffs") on several grounds, including the failure of LaFrance and SAJ to join McKesson Corporation ("McKesson"). Direct Purchaser Plaintiffs admittedly did not purchase Ditropan XL from Alza or Johnson & Johnson. Rather, Direct Purchaser Plaintiffs' claims are premised on the purchases of Ditropan XL made by McKesson and Cardinal Health, Inc. ("Cardinal") from Ortho-McNeil Pharmaceutical, Inc. ("Ortho-McNeil"), a wholly owned subsidiary of Johnson & Johnson. Direct Purchaser Plaintiffs bring

their claims pursuant to purported assignments[1] of their antitrust claims from McKesson to SAJ and LaFrance and from Cardinal to ASC.

McKesson only assigned SAJ and LaFrance fifty percent of its claims against "Defendants ... arising out of or relating to McKesson's purchase of Ditropan XL." (Declaration of Michael A. Sitzman in support of Defendants' motion to dismiss Direct Purchaser Action, Ex. 2.) Federal common law governs the validity of the purported assignment. *In re Fine Paper Litig.*, 632 F.2d 1081, 1090 (3d Cir. 1980). Defendants do not argue, and the Court does not find, that the fact that the assignment only purports to provide fifty percent of McKesson's claims relating to its purchase of Ditropan invalidates the assignment. However, due to the fact that the purported assignment was only partial, SAJ and LaFrance cannot bring their antitrust action against Defendants without McKesson's joinder. *See In re Fine Paper Litig.*, 632 F.2d at 1091. The reason for this rule is that while partial assignments are recognized, "the rights of the obligor to be free of successive and repeated suits growing out of the basic same facts are also protected by the prudent use of joinder rules." *Id.*

Although it is clear that SAJ and LaFrance cannot maintain their claims against Defendants without the joinder of McKesson, the Court does not have sufficient information before it to determine whether the Court should order the joinder of McKesson or dismiss this action for failure to join an indispensable party. Therefore, the Court directs the parties to file supplemental briefing to address this issue, including whether this Court would have personal jurisdiction over McKesson. Direct Purchaser Plaintiffs shall file a supplemental brief no longer than five pages by no later than March 23, 2007. Defendants shall file a responsive supplemental brief no longer than five pages by no later than April 6, 2007.

Dated: March 9, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] The Court refers to the assignment as only a "purported" assignment because in the pending motion to dismiss, Defendants argue that the assignment is invalid because McKesson did not obtain Ortho-McNeil's consent. The Court has not yet ruled on the pending motion to dismiss.

2