[Counsel listed on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DITROPAN XL ANTITRUST LITIGATION | MDL No. 1761 (JSW) |
| This Document Relates to:<br>ALL ACTIONS | [PROPOSED] STIPULATED PROTECTIVE ORDER<br>Hon. Jeffrey S. White |

Based upon the representations and submissions of the parties, the Court's records and files in this matter, and good cause appearing therefore, the Court enters the following Protective Order to govern the discovery of confidential materials in this action. This Order supersedes the Stipulated Interim Protective Order entered in this case on November 1, 2007. IT IS HEREBY ORDERED that:

1. CONFIDENTIAL INFORMATION, as defined herein, disclosed by a plaintiff, a defendant, or a third party (hereinafter "producing party") to any other party (hereinafter "receiving party") pursuant to discovery in this action shall be used solely for purposes of this action.

2. Each page of each document produced pursuant to discovery in this action shall bear, by party, a unique identifying number. If a third party produces documents without labeling them with unique identifying numbers, the party that requested the third party's documents shall label the third-party documents and distribute them to all parties to this litigation.

3. As used herein, CONFIDENTIAL INFORMATION refers to information that a producing party claims in good faith to be its confidential business information or commercial

information within the meaning of Fed. R. Civ. P. 26(c)(7). Such information may be designated as "[producing party] CONFIDENTIAL," where [producing party] corresponds to the party whose information is being protected by the designation. Confidential information the disclosure of which would be injurious to the business interests of the producing party, including but not limited to information regarding ongoing research, current or future clinical trials, current or future regulatory submissions, business or financial information or projections, and current or future marketing plans, may be designated as "[producing party] RESTRICTED CONFIDENTIAL INFORMATION," where [producing party] corresponds to the party whose information is being protected by the designation. Information to be treated under this Protective Order as CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION shall include:

    a. Initial and pretrial disclosure and information set forth in responses to discovery requests made under Fed. R. Civ. P. 31, 33, or 36, or in documents produced under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery to the receiving party, the responses or copies of documents are marked by the producing party with either a "CONFIDENTIAL" or a "RESTRICTED CONFIDENTIAL" legend.

    b. Information revealed by inspection of things or premises under Fed. R. Civ. P. 34 under terms to be agreed upon by the parties through good-faith negotiations in connection with any such inspection. Designation by stamping or labeling as CONFIDENTIAL or RESTRICTED CONFIDENTIAL need not be made with respect to all materials provided for inspection by a producing party's counsel until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by the producing party's counsel shall, consistent with the instructions of the producing party, be treated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL INFORMATION at the time of the inspection.

    c. Information revealed during a deposition upon oral examination under Fed. R. Civ. P. 30, for thirty (30) days following receipt of the transcript by counsel for the producing

1 party, but not thereafter, unless, before the 30-day period has expired, counsel for the producing
2 party notifies counsel for the receiving party in writing that CONFIDENTIAL INFORMATION
3 or RESTRICTED CONFIDENTIAL INFORMATION is set forth in the transcript and specifies
4 in writing which portions of the transcript disclose such information, or unless, during the
5 deposition, counsel for the producing party or any other party designates portions of the
6 transcript to be CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL
7 INFORMATION; and

    d. Information disclosed by Alza, Johnson & Johnson, Mylan, Impax, or any third party in Alza Corporation v. Mylan Laboratories Inc., Civ. Action No. 1:03cv61 (D. W. Va.) (Keeley, CJ), or Alza Corporation v. Impax Laboratories, Inc., Case No. C03-04032 VRW (N. D. Cal.), whether such information was disclosed through discovery, correspondence, court filings, court hearings, or otherwise, that any producing party in that case designated as CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION.

    4.    Access to information designated as RESTRICTED CONFIDENTIAL shall be limited to the following persons:

    a. Outside counsel of record for a receiving party and stenographic, clerical, and legal assistant employees or contractors of those attorneys whose functions require access to RESTRICTED CONFIDENTIAL INFORMATION;

    b. Outside experts or consultants retained by the receiving party or its counsel, such as independent technical experts, accountants, statisticians, economists, or other consultants, whose advice and consultation are being or will be used by such party or its counsel in connection with this action, including their stenographic or clerical personnel, provided that disclosure to such experts or consultants and their stenographic and clerical personnel shall be made only according to the conditions of Paragraph 6 below;

    c. The Court and authorized staff;

    d. Court reporters, interpreters, translators, copy services, exhibit preparation services, and database and/or coding services retained on behalf of any party;

    e. Outside jury consultants and trial consultants; and

    f. Any other person that all parties and any producing third party have agreed to in advance in writing, according to Paragraph 8 below.

  5.  Access to information designated as CONFIDENTIAL shall be limited to the following persons:

    a. Persons authorized to have access to RESTRICTED CONFIDENTIAL information pursuant to Paragraph 4 above;

    b. One in-house attorney for each named representative of the purported Direct and Indirect Purchaser Classes (other than those parties whose personnel were identified pursuant to Subparagraph 4.e.), whose names shall be disclosed in advance to any party or third party producing CONFIDENTIAL INFORMATION, and stenographic, clerical, and legal assistant employees or contractors of those attorneys whose functions require access to CONFIDENTIAL INFORMATION, provided that they shall first execute an Agreement To Abide By Protective Order in the form of Exhibit A attached hereto.

    c. Three in-house counsel for Defendant Johnson & Johnson and its affiliates, other than those persons identified in Subparagraph 4.f., whose names shall be disclosed in advance to any party or third party producing CONFIDENTIAL INFORMATION, and stenographic, clerical, and legal assistant employees or contractors of those attorneys whose functions require access to CONFIDENTIAL INFORMATION, provided that they shall first execute an Agreement To Abide By Protective Order in the form of Exhibit A attached hereto.

  6.  Counsel desiring to disclose CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION to experts or consultants pursuant to Subparagraph 4.b. shall first obtain a signed Agreement To Abide By Protective Order in the form of Exhibit A attached hereto from each such expert or consultant who would require access to CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION. No party shall disclose another party's CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION to any expert or consultant who presently or within the past four years has worked (1) in the areas of research, development, or patenting of controlled release oral drug delivery technology or (2) in a decision-making capacity in connection with the

-4-

marketing or pricing of any oxybutynin chloride product, until after the expiration of a five (5) business day period commencing with the service by facsimile upon counsel for the producing party of a copy of the signed Agreement To Abide By Protective Order, a curriculum vitae (including employment history) of the expert or consultant, including a list of publications, and a list of the expert's or consultant's clients in any ongoing consultations and any consultations within the last four years relating to the pharmaceutical field or industry. During the five (5) day period after such service, counsel for the producing party may object to such disclosure only for good cause. The parties shall in good faith seek to advise of their objections or lack thereof within fewer than five (5) days if practicable, and in the event of no objection, the party seeking disclosure of CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION to the expert may do so. In the event of any such objection, there shall be no disclosure of CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION to such expert or consultant, except by further order of the Court or by agreement of the parties. If the parties are unable to reach any agreement over the disclosure of CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION to the expert or consultant, the objecting party shall promptly request by motion that the Court issue an order precluding the disclosure of CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION to the expert or consultant. The party opposing the disclosure of CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION to an expert or consultant bears the burden of persuasion on any motion brought under this Paragraph. In the event of the filing of any such motion, there shall be no disclosure of CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION to the expert or consultant, pending resolution of the motion by the Court. Nothing in this Paragraph shall be deemed a disclosure for purposes of Rule 26(b)(4)(A) or shall modify any of the restrictions in Fed. R. Civ. P. 26(b)(4)(B).

7. The following categories of data, information, or documents need not be preserved or disclosed by any party and are outside the scope of permissible discovery (including deposition questions): (a) any notes taken or work papers prepared by or under the direction of a

testifying expert in the course of developing the views or opinions encompassed by his or her testimony; and (b) any preliminary or iterative drafts of the expert's report or accompanying analyses prepared by or under the direction of a testifying expert. With the exception of these limitations, the parties shall be entitled to conduct discovery in accordance with the Federal Rules, any applicable Local Rules, and as ordered by the Court.

8. With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that a question or line of questioning calls for the disclosure of CONFIDENTIAL or RESTRICTED CONFIDENTIAL information, before such disclosure, counsel may designate on the record that the disclosure is CONFIDENTIAL or RESTRICTED CONFIDENTIAL. Whenever matter so designated is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may request that persons not entitled under this Order to receive such information be excused. The list of persons to whom CONFIDENTIAL or RESTRICTED CONFIDENTIAL INFORMATION may be disclosed, identified in Paragraphs 4 and 5, may be expanded or modified by mutual agreement in writing by counsel for the designating party and the receiving party or parties without the need to modify this Order.

9. CONFIDENTIAL INFORMATION and RESTRICTED CONFIDENTIAL INFORMATION shall not be made public by the receiving party and shall be used only by persons permitted access to such information under Paragraphs 4 and 5 of this Order.

10. Any CONFIDENTIAL INFORMATION and RESTRICTED CONFIDENTIAL INFORMATION, and any copies, excerpts, or summaries thereof and materials containing information derived therefrom, as well as any knowledge or information derived from any of the aforementioned items, may be used only for purposes of this litigation and may not be used for any other purpose, including without limitation any business or commercial purpose or other litigation.

11. If CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION is to be filed with the Court in connection with any proceedings herein, it shall be filed in accordance with Local Rule 79-5.

12. The acceptance of CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION by the parties shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION has been properly designated as such. Any receiving party may at any time request that the designating party withdraw the CONFIDENTIAL or RESTRICTED CONFIDENTIAL designation with respect to any document, object, or information. Such request shall be made to counsel for the designating party and shall particularly identify the designated CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION that the receiving party contends has been inappropriately designated and the reasons supporting its contention. If the designating party does not agree to remove the CONFIDENTIAL or RESTRICTED CONFIDENTIAL designation within ten (10) business days, then the party contesting the designation may request by motion that the Court redesignate the information as appropriate. The burden of demonstrating that the information is CONFIDENTIAL or RESTRICTED CONFIDENTIAL shall be on the designating party.

13. This Protective Order shall not prevent a party from attempting to examine as witnesses, during depositions or at trial, persons not authorized to receive CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION, as identified herein, if the examination concerns CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION to which the witness previously had authorized access or of which the witness has prior knowledge, as demonstrated by the document itself or by foundation testimony. This Protective Order shall not prevent counsel from examining a witness to determine whether he or she has prior knowledge of CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION, so long as such examination shall be in a manner that does not disclose the details of the CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION. CONFIDENTIAL and RESTRICTED CONFIDENTIAL INFORMATION of a producing party may be used to examine, during depositions and at trial (or other court hearing), any person who is at the time of examination employed by or affiliated with the producing party, any person who was employed with the

producing party during the relevant period of this litigation, or any person who was retained by the producing party (e.g., outside counsel or experts) in connection with the underlying patent litigation between Alza and Mylan.

14. CONFIDENTIAL INFORMATION and RESTRICTED CONFIDENTIAL INFORMATION may be used in testimony at trial, at any motion hearing, and during depositions, and may be offered in evidence at trial or at any hearing, unless otherwise ordered by the Court, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion, all subject to Paragraphs 4 and 5, but may not be used for any other purpose except as expressly provided herein or by further Order of the Court.

15. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this action and in the course thereof, relying upon such attorney's examination of CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION to unauthorized persons.

16. Should a producing party in the course of this litigation inadvertently or mistakenly disclose CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION without designating it as such, the producing party shall, promptly after discovering the inadvertent or mistaken disclosure, notify all receiving parties of the proper designation. Immediately upon receiving such notice, the receiving party shall begin treating the information in accordance with the manner in which it has been redesignated. To the extent that such information has previously been shared by the receiving party with persons who are not authorized to have access to the information as redesignated, the receiving party shall take appropriate steps to retrieve the information and to ensure that this Order is being complied with in all respects.

17. Should any CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION be disclosed, through inadvertence or otherwise, by the

-8-

receiving party to any person or party not authorized under this Protective Order, then the receiving party shall (a) use its best efforts to obtain the return of any such CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION and to bind such person to the terms of this Protective Order; (b) within three (3) days of the discovery of such disclosure, inform such person of all provisions of this Protective Order; (c) within five (5) days of the discovery of such disclosure, identify such person to the producing party; and (d) request such person to sign the Agreement To Abide By Protective Order in the form attached hereto as Exhibit A. The executed agreement shall be served upon counsel of record for the producing party within five (5) days of its execution by the party to whom CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION was disclosed.

18. Nothing in this Protective Order shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other applicable immunity or privilege, nor shall this Order be construed to require disclosure in instances where such disclosure would breach an agreement with another to, or violate a court order to, maintain such information in confidence. Any party who refuses to disclose any information based on the existence of an agreement with another or a court order to maintain its confidentiality shall identify the existence of the agreement or order in response to any request for the information. The parties agree to work in good faith to resolve any third-party confidentiality issues.

19. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently or mistakenly produced information subject to claim of immunity or privilege, upon request the information for which a claim of inadvertent production is made shall be returned or destroyed within three (3) days of such request. Moreover, any notes or summaries referring or relating to any such inadvertently or mistakenly produced information subject to claim of immunity or privilege shall be destroyed. The party returning such information may, as appropriate, move the Court for an Order

compelling production of such information, but the pendency of any such a motion shall not entitle the moving party to retain the information.

20. The restrictions and obligations set forth in this Protective Order relating to CONFIDENTIAL INFORMATION and RESTRICTED CONFIDENTIAL INFORMATION shall not apply to any information that (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party; or (c) is in the receiving party's legitimate possession independently of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION if said person already has legitimate possession thereof.

21. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders. Nothing herein shall prevent any party from disclosing its own CONFIDENTIAL or RESTRICTED CONFIDENTIAL INFORMATION in any manner that it considers appropriate.

22. This Protective Order shall survive the termination of this action. No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown.

23. After final termination of this action, the counsel designated in Paragraphs 4 and 5 hereof may each retain one archival copy of deposition exhibits, Court exhibits, documents and other materials submitted to the Court, and deposition transcripts and transcripts of Court proceedings. After final termination of this action, counsel for the receiving party either shall return to the producing party all additional CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION in his possession, custody, or control or in the custody of any authorized agents, experts, and consultants, or shall certify in writing to the producing party that such information has been destroyed. As to CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION reflected in computer

-10-

databases or backup tapes, the receiving party shall delete all such CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION or shall impose passwords or designate the information in a manner reasonably calculated to prevent unauthorized access to the CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION.

24. If a third party provides discovery to any party in connection with this action, and if the third party so elects, then the provisions of this Protective Order shall apply to such discovery as if such discovery were being provided by a party. Under such circumstances, the third party shall have the same rights and obligations under this Protective Order as held by the parties to this action.

25. All notices required by this Protective Order may be served by facsimile copy by the close of the business day (6:30 p.m. PT) with confirmation by regular mail to the counsel of record. The date by which a party receiving a notice shall respond, or otherwise take action, shall be computed from the close of the business day that the facsimile was received in the office of counsel. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the designating party.

26. This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court. This Protective Order shall not supersede any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

**STIPULATED AND AGREED TO BY:**

DATED: April 17, 2007

/s/
Edward A. Wallace
**WEXLER TORISEVA WALLACE LLP**
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

|   |   |
|---|---|
| 1 | Timothy J. Becker |
| 2 | **ZIMMERMAN REED, P.L.L.P**<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN 55402 |
| 3 | Telephone: (612) 341-0400<br>Facsimile: (612) 341-0844 |
| 4 | |
| 5 | Jason J. Thompson<br>**J. THOMPSON & ASSOCIATES PLC**<br>26000 West Twelve Mile Road |
| 6 | Southfield, MI 48034<br>Telephone: (248) 436-8448 |
| 7 | Facsimile: (248) 436-8453 |
| 8 | Jeffrey L. Kodroff |
| 9 | **SPECTOR ROSEMAN & KODROFF, P.C.**<br>1818 Market Street, Suite 2500<br>Philadelphia, PA 19103 |
| 10 | Telephone: (215) 496-0300<br>Facsimile: (215) 496-6611 |

*Attorneys for Indirect Purchaser Plaintiffs*

DATED: April 13, 2007

/s/
_____
Thomas M. Sobol
**HAGENS BERMAN SOBOL SHAPIRIO, LLP**
One Main Street, 4th Floor
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Dianne M. Nast
**RODANAST, PC**
801 Estelle Drive
Lancaster, PA 17601
Telephone: (717) 892-3000
Facsimile: (717) 892-1200

Daniel Gustafson
**GUSTAFSON & GLUEK, P.L.L.P.**
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622

*Attorneys for Direct Purchaser Plaintiffs*

-12-

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER  MDL No. 1761 (JSW)

1  DATED: April 17, 2007

2                                      /s/
                                       M. Sean Royall (admitted *pro hac vice*)
3                                      Monique Michal Drake, SBN 167188
                                       Michael A. Sitzman, SBN 156667
4                                      **GIBSON DUNN & CRUTCHER LLP**
                                       One Montgomery Street, Suite 3100
5                                      San Francisco, California 94104
                                       Telephone: (415) 393-8200
6                                      Facsimile: (415) 986-5309
                                       Email: sroyall@gibsondunn.com
7                                      Email: mdrake@gibsondunn.com
                                       Email: msitzman@gibsondunn.com

8                                      *Attorneys for Defendants Alza Corporation and Johnson & Johnson*

10  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

12  Dated: ~~April~~ May 3, 2007                 /s/ Jeffrey S. White
                                                 The Honorable Jeffrey S. White
13                                               United States District Judge

-13-

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER                                   MDL No. 1761 (JSW)