IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DITROPAN XL ANTITRUST LITIGATION | CASE NO. M:06-CV-01761-JSW<br>MDL No. 1761 |
| This Order Relates to:<br>ALL CASES | **NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JULY 27, 2007:

The Court **TENTATIVELY grants** Defendants' motion to dismiss the second amended complaint filed by American Sales Company, Inc. ("ASC"). The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

Each party will have twenty minutes to address the following questions:

(1) The Supreme Court recently clarified the pleading requirements to state an antitrust claim under Section 1 of the Sherman Act. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). To state a Section 1 claim, a plaintiff must allege "enough factual matter (taken as true) to suggest that an agreement was made. ... [A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice." *Id*. at 1965, 66, 71 n.10 (finding allegations of conspiracy insufficient where "the pleadings mentioned no specific time, place, or person involved in the alleged conspiracies").

    (a) Where, specifically, in the second amended complaint, does ASC allege facts that suggest Alza Corporation ("Alza") and Ortho-McNeil Pharmaceutical, Inc. ("Ortho-McNeil") entered into an agreement?

    (b) If given leave to amend, what additional facts, if any, could ASC allege to state a Section 1 claim?

(2) It appears to the Court that the instant motion to dismiss will not fully resolve this matter. First, if the Court were to find, as the Court is tentatively inclined, that the assignment from Cardinal Health, Inc. ("Cardinal") to ASC dated April 28, 2006, does not cover claims against Ortho-McNeil, ASC did not have standing to sue Ortho-McNeil at the time it filed the second amended complaint. Second, assuming ASC alleges a vertical conspiracy to circumvent *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), case law suggests that ASC must join both the direct and indirect sellers as defendants in the lawsuit. *See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 1992-2 Trade Cases P 69,915, 1992 WL 220753, * 5 (C.D. Cal. July 16, 1992); *see also In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 681 F.2d 1335, 1342 (9th Cir. 1982) ("if a proper vertical conspiracy is alleged, joinder of [direct sellers] is required to prevent a serious risk of multiple liability"). In this case, Ortho-McNeil is the direct seller. Thus, if the Court concludes ASC did not have standing to sue Ortho-McNeil at the time the second amended complaint was filed, it appears as though the claims against Alza must be dismissed as well. However, the latter issue might be "cured" if ASC obtains an fully executed assignment from Cardinal that includes claims against Ortho-McNeil. Ortho-McNeil, however, contends that ASC could not obtain such an assignment from Cardinal because any such assignment would be barred by the Distribution Performance Agreement. It appears to the Court, however, that the argument regarding the validity of the assignment under the Distribution Performance Agreement is premised upon facts that cannot be considered on a motion to dismiss. With that preface, the Court has the following questions, and requests that the parties take into consideration the goals of judicial economy and efficiency when they are responding:

2

    (a)    Does ASC contend that it is not required to name Ortho-McNeil as a defendant in order to bring a Sherman Act claim against Alza, an indirect seller?  If so, based on what facts and authority?

    (b)    Does ASC intend to obtain an executed assignment to sue Ortho-McNeil?  If so, how does it intend to proceed, *i.e.* does it intend to dismiss and re-file or will it seek to file a third amended complaint?  What is Defendants' response to ASC's proposal?

    (c)    Given Defendants' position on the validity of any assignment based upon the Distribution Performance Agreement, and the Court's tentative view that it cannot resolve this issue in connection with the instant motion to dismiss, what are the parties' respective positions as to best to proceed with any future responsive pleadings?

(3)    Do the parties have anything further to add?

Dated: July 26, 2007

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE

3