**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DITROPAN XL ANTITRUST LITIGATION<br>_____/<br><br>This Document Relates to<br>All Actions<br>_____/ | No.  MDL 06-1761 JSW  (EDL)<br><br>ORDER DENYING MOTION TO COMPEL |

Indirect Purchaser Plaintiffs' motion to compel came on for hearing before this Court on October 23, 2007.  Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, the court hereby DENIES the motion WITHOUT PREJUDICE .

**I.    BACKGROUND**

In this California Business and Professions Code § 17200 and antitrust action, indirect purchaser plaintiffs ("Plaintiffs") seek damages arising from actions taken by defendant Alza Corporation ("Alza") related to its brand name drug, Ditropan XL, and U.S. Patent No. 6,124,355 ("the '355 patent").  Plaintiffs contend that Alza filed patent infringement lawsuits against generic drug companies attempting to enter the market monopolized by Ditropan for the anticompetitive and fraudulent purpose of extending its patent protected monopoly on a formulation that could not have been granted patent protection absent fraud on the Patent and Trademark Office ("PTO").  Plaintiffs allege that Alza's actions kept a generic drug manufacturer, Mylan Corporation ("Mylan"), off market for over a year before a District Court invalidated the '355 patent, causing hundreds of millions dollars of injury to the putative plaintiff class.

1  Plaintiffs now request that Alza produce to the court for an in camera inspection the 112
2  documents Alza withheld as privileged in the underlying litigation that led the District Court in West
3  Virginia to invalidate the '355 patent in Alza Corp. v. Mylan Pharm., 388 F. Supp. 2d 717 (W. Va.
4  2005), aff'd 464 F.3d 1286 (Fed. Cir. 2006). Alza listed these documents on a lengthy privilege log
5  in that case. Plaintiffs contend that these documents are at least in part responsive to their discovery
6  requests for documents. Alza has asserted work product and attorney client privilege as the bases
7  for withholding the documents from plaintiffs.

## II. DISCUSSION

### A. Legal Standard

The evidentiary showing necessary to trigger in camera review "need not be a stringent one." United States v. Zolin, 491 U.S. 554, 572 (1989). First, the court must "require a showing of a factual basis adequate to support a good faith belief by a reasonable person . . . that in camera review . . . may reveal evidence to establish the claim that the crime-fraud exception applies." Id. Second, the court must make a discretionary decision whether to order review in light of the facts and circumstances in a particular case, including the volume of materials to be reviewed, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced with other available evidence will establish that the exception applies. Id. See also In re Grand Jury Subpoena 92-1 (SJ), 31 F.3d 826, 829 (9th Cir. 1994).

The first prong of the test must be met by the party seeking to pierce the privilege before the court can get to the second step and exercise its discretion. A party's burden for establishing the necessity of in camera review is considerably lower than that for outright disclosure. In re Napster Copyright Litig., 479 F.3d 1078, 1092 (9th Cir. 2007). However, mere allegations or suspicion are insufficient to invoke the exception. In re Heritage Bond Litig., Case No. CV 20-1475-DT, 2004 WL 1970058 at *4 (C.D. Cal. July 23, 2004) (citation omitted).

In evaluating the second prong, the court must exercise its discretion in light of the facts and circumstances of the particular case, including the likelihood that the evidence produced by in camera review together with other evidence before the court will establish that the crime fraud exception applies. Zolin, 491 U.S. at 572. Nothing forbids the district court from considering countervailing evidence in evaluating this second prong. Napster, 479 F.3d at 1092. While the test

2

for obtaining in camera review is more lenient than the test for obtaining outright disclosure of documents, in camera review is not a "panacea," for a "blanket rule allowing in camera review . . . would place the policy of protecting open and legitimate disclosure between attorneys and clients at undue risk" and would raise "possible due process implications" and place "significant burdens upon the district courts. Id. at 1096 (quoting Zolin, 491 U.S. at 571).

### B. Plaintiffs' Motion to Compel

Here, Plaintiffs have articulated two types of fraud allegedly committed by Alza: (1) sham litigation; and (2) fraud upon the PTO.[1] As to the first, Plaintiffs have made no showing that Alza's suit against Mylan was objectively baseless. In Alza's suit against Mylan, the District Court explicitly found that the case was not frivolous. In denying Mylan's request for attorneys' fees, the Judge noted that Mylan failed to establish by clear and convincing evidence that Alza's infringement suit was vexatious, frivolous, or in bad faith: "Mylan . . . failed to put forth evidence to establish that Alza knew, or on reasonable investigation, should have known its lawsuit was baseless." See Order Denying Mylan's Motion for Attorneys' Fees and Expenses at 9 in Alza Corp. v. Mylan Labs, Inc., Case No. 1:03CV0061 (N.D. W. Va. Oct. 31, 2006) at Drake Decl., Ex. 1 ("Attorneys' Fees Order"). In light of the previous findings by the District Court, and in light of the absence of any contrary evidence submitted by Plaintiffs, Plaintiffs have failed to set forth an adequate factual basis to support a good faith belief by a reasonable person that in camera review may reveal evidence to establish that Alza was engaging in fraudulent sham litigation or was planning fraudulent sham litigation when it sought the advice of counsel to further that scheme.

As for fraud upon the PTO, Plaintiffs argue that they meet the standard for in camera review because Alza and its attorneys: (1) falsely represented in its December 2, 1999 amendment to their PTO application that Ditropan XL had starkly different rates than the Baichwal Patent No. 5,399,359 ("Baichwal"); (2) failed to disclose the different test conditions between Ditropan and Baichwal to lead the PTO to accept Alza's representations that they had different release rates; (3) failed to inform the PTO of a drug called Cystrin CR; (4) failed to disclose the Morella Patent No. 5,330,766 ("Morella") which was essentially identical to the claims of the '355 patent; (5) failed to disclose

---

[1] While Plaintiffs argued that they may pursue other theories of fraud, they have not articulated any such theories at this time.

3

the "1996 WO publication" to the PTO; (6) failed to disclose the Wong Patent No. 5,082,688 ("Wong") and (7) failed to disclose the true inventors of the '355 patent to take advantage of an earlier priority date.

Briefly, Plaintiffs do not cite any evidence that Alza failed to disclose or misrepresented anything regarding Baichwal. To the contrary, Alza disclosed the Baichwal patent and its testing procedures to the PTO. Plaintiffs put forward no evidence showing that Alza knew or should have known at the relevant time of Crystrin CR. As for the anticipatory Morella reference, while the District Court found that Morella anticipated the '355 patent, Plaintiffs did not provide any evidence as to why this indicates any material misrepresentation or deliberate omission by Alza to the PTO. Alza, 388 F. Supp. 2d at 734. While Plaintiffs claimed that the Morella reference was widely known, they did not offer any evidence in support of this contention in their papers, and the Court allowed the parties to provide supplemental briefing on this issue. But Plaintiffs provided no affidavits or declarations on this point and offered no texts or journal articles referencing Morella. The sole support that Plaintiffs offered was that Morella was cited during the prosecution of 47 patent applications, but only six of these citations occurred before the '355 patent was filed. Plaintiffs provided no evidence that the relevant people at Alza likely knew of Morella before the '355 patent was filed. Simply put, there is no evidence indicating that Alza committed fraud by failing to disclose Morella. As for the 1996 WO publication, Alza submitted evidence that the patent examiner considered this reference, and the District Court found that there was no inherent anticipation by that publication. Alza, 388 F. Supp. 2d at 730 (holding Mylan did not meet its burden of proving that '355 patent is inherently anticipated by the 1996 WO publication). Regarding the Wong patent, Alza disclosed the Wong '337 patent which contains nearly the identical specification and disclosure as the Wong '668 patent, which plaintiffs assert Alza intentionally withheld. As for Alza's alleged failure to name the true inventors of the '355 patent, Plaintiffs did not submit any evidence in support of this theory, and Mylan failed to prove that Alza did not name the true inventors in the underlying litigation. Id. at 732.

In sum, Plaintiffs have submitted practically no evidence in support of its motion in spite of the fact that Alza has already produced over 800,000 pages of documents to Plaintiffs, including

4

documents related to its research and development of Ditropan and its application submitted to the FDA, as well as documents produced in the Mylan litigation. Discovery is still underway in this case. Should Plaintiffs uncover additional facts in the course of discovery that they believe in good faith truly justifies a further request for in camera review, they may renew their request.

Accordingly, Plaintiff's motion to compel is DENIED WITHOUT PREJUDICE.

Dated: November 5, 2007

*Elizabeth D. Laporte*
_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

5